**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN OLIVER SNOW,<br><br>                    Plaintiff - Appellant,<br><br>    v.<br><br>E.K. MCDANIEL, Warden, in his official capacity as Warden @ ESP; ROBERT BANNISTER; STEVEN MACARTHUR; MAX CARTER,<br><br>                    Defendants - Appellees. | No. 13-16468<br><br>D.C. No. 3:08-cv-00046-RCJ-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted October 22, 2015
San Francisco, California

Before: WALLACE, SILVERMAN, and CHRISTEN, Circuit Judges.

Snow appeals from the district court's judgment entered after a jury verdict

denying Snow relief under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We dismiss Snow's claim for injunctive relief as moot since Snow's counsel indicated at oral argument that the hip surgery Snow sought as relief has been performed. *NASD Dispute Resolution, Inc. v. Judicial Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (" A case is moot on appeal if no live controversy remains at the time the court of appeals hears the case").

We affirm the district court's pretrial evidentiary rulings as within its wide discretion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1110 (9th Cir. 2011) (holding that a district court's evidentiary rulings are reviewed for an abuse of discretion). In addition, as to evidence Snow is on death row, the district court judge encouraged Snow's counsel to propose a limiting instruction—which he did not do. Snow's opening brief fails to show any prejudice.

Finally, we decline to reach Snow's argument that the district court abused its discretion in its discussions of the case with the jury since Snow failed to object at the time of the alleged errors and has not argued plain error on appeal. *Rothman v. Hosp. Serv. of S. Cal.*, 510 F.2d 956, 960 (9th Cir. 1975) ("The rule in this circuit is that appellate courts will not consider arguments that are not properly raise[d] in the trial courts"); *see Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("We review only issues which are argued specifically and distinctly in a party's opening brief").

**AFFIRMED.**

*Snow v. McDaniel*, 13-16468

CHRISTEN, Circuit Judge, dissenting:

I agree with my colleagues that Snow's claim for injunctive relief is moot[1] and that the district court did not abuse its discretion in the challenged statements it made to the jury. I write separately because, in my view, the district court did abuse its discretion by allowing introduction of the wholly irrelevant evidence that Snow was a death row prisoner. Because we "must not shrink from [our] obligation to 'enforce the constitutional rights of all "persons," including prisoners,'"[2] and because it is clear Snow's allegation of Eighth Amendment violations was not tried on a level playing field, I respectfully dissent.

Snow's original trial theory was that the Department of Corrections had a pattern of ignoring the medical needs of inmates, and that it was particularly indifferent to the medical needs of death row inmates. But in a pre-trial ruling, the district court excluded evidence of medical treatment and care provided or denied to other inmates. This narrowed the trial's focus to defendants' treatment of Snow,

---

[1] At oral argument, Snow's counsel indicated that Snow's hip replacement surgery was performed after our court remanded this case to the trial court following Snow's first appeal. OA Audio Recording at 00:35–00:48.

[2] *Brown v. Plata*, 131 S. Ct. 1910, 1928–29 (2011) (quoting *Cruz v. Beto*, 405 U.S. 319, 321 (1972) (per curiam)).

1

making his status as a death row inmate legally irrelevant: after the sole issue became whether defendants had been indifferent to Snow's need for surgery, his status as a *death row* prisoner did nothing to make defendants' indifference more or less probable.[3]

Over defense counsel's objection, the district court allowed the prosecutor to inform the jury of Snow's death row status, explaining only that Snow's status was "context" or "background." The court offered no further explanation, and none can be gleaned from the record. Indeed, in oral argument to our panel, even counsel for the State could not muster a plausible answer to the question: how did Snow's status make any fact at issue more or less likely to be true?[4]

If Snow's death row status were innocuous, a court might appropriately admit it as "background" or "context," much as a witness's name, age or occupation. But Snow's status is not innocuous. The jury did not have to be told that death row is reserved for the most egregious offenders or that any damages awarded Snow would be paid to a man awaiting his execution. Defense counsel predictably focused on Snow's status as a death row prisoner, leading his closing argument by saying: "I've got to tell you I'm a little offended at the notion that a

---

[3]     Fed. R. Evid. 401.

[4]     *See* OA Audio Recording at 17:50–20:26, 25:36–27:25.

death row prisoner con man comes before you . . . ."

We generally afford wide discretion to a district court's evidentiary rulings, but  discretion ends where, as here, "the reviewed decision lies beyond the pale of reasonable justification."[5]  With no probative value to support admitting evidence of Snow's status, its prejudicial weight clearly required exclusion.[6]  The majority faults defense counsel for failing to request a curative instruction, but that would only have reinforced the prejudicial nature of Snow's status by highlighting it to the jury.[7]

Under the applicable standard, the district court's error was not harmless. Snow was diagnosed in early 2006 with severe degenerative changes in his hips. Multiple physicians recommended surgery during the following three years before the Department of Corrections finally authorized it.  The medical records reflect care providers' notes that Snow "can barely walk," that "[t]here is no option here other than surgery for relief," that Snow's condition was an "emergency," and that

---

[5]     *See Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).

[6]     Fed. R. Evid. 403.

[7]     *See Chaffin v. Stynchcombe*, 412 U.S. 17, 41 (1973) (Marshall, J., dissenting) (recognizing that "curative instructions may serve only to highlight the problem"); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1105–06 (9th Cir. 2002) ("[N]o matter what the instruction, it was impossible to dispel the effect of [the] lurid and prejudicial testimony.").

3

Snow's creatinine levels were rapidly increasing because of the pain medication he was forced to take. During that same period, the NDOC denied surgery three times.

In light of this record, I cannot say it is "more probable than not the jury would have reached the same verdict" and would have failed to award at least nominal damages had it not known Snow was on death row.[8] For these reasons, I would reverse and remand for a new trial.[9]

---

[8] *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1052 (9th Cir. 2015) (quoting *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 465 (9th Cir.), *cert. denied*, 135 S. Ct. 55 (2014)).

[9] *Id.*

4